KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Buenrostro, | No. CV 1-08-636-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| M. Sahota, et al., | |
| Defendants. | |

Plaintiff Jose Luis Buenrostro, who is confined in the Federal Correctional Institution-Victorville, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971) (Doc. #1). On June 9, 2008, Plaintiff filed "Amended and Supplemental Pleadings to this Bivens Civil Action Pursuant to Fed. R. Civ. Procedures, Rule 15(a), (d)" (Doc. #6). By Order filed October 6, 2009, the Court construed this document as an Amended Complaint and dismissed the Amended Complaint with leave to amend.

On October 26, 2009, Plaintiff filed a Second Amended Complaint (Doc. #14). The Court will dismiss the Second Amended Complaint with leave amend. This will be Plaintiff's final opportunity to file an amended complaint that complies with the Court's filing requirements.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL

1 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
2 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4 be granted, or that seek monetary relief from a defendant who is immune from such relief.
5 28 U.S.C. § 1915A(b)(1), (2).

6       A pleading must contain a "short and plain statement of the claim *showing* that the
7 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
8 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
9 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice." Id.

12       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
13 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
14 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
18 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
19 allegations may be consistent with a constitutional claim, a court must assess whether there
20 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21       If the Court determines that a pleading could be cured by the allegation of other facts,
22 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
23 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
24 should not, however, advise the litigant how to cure the defects. This type of advice "would
25 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
26 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
27 required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will
28 be dismissed for failure to state a claim, with leave to amend because the Second Amended

1 Complaint may possibly be saved by further amendment.

2     Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement
3 of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be
4 simple, concise, and direct." A complaint having the factual elements of a cause of action
5 scattered throughout the complaint and not organized into a "short and plain statement of the
6 claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr.
7 Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
8 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state
9 claims in "numbered paragraphs, each limited as far as practicable to a single set of
10 circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each
11 claim founded on a separate transaction or occurrence . . . must be stated in a separate count."
12 Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative
13 in an attempt to determine the number and nature of a plaintiff's claims.

14     The Court has reviewed Plaintiff's Second Amended Complaint and concludes that
15 it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Like the
16 Amended Complaint, Plaintiff's Second Amended Complaint is a lengthy narrative that does
17 not separate Plaintiff's allegations into separate claims for relief. Plaintiff has simply
18 provided a long recitation of facts followed by a conclusory claim for relief. The Court
19 cannot meaningfully review the Second Amended Complaint, as required by 28 U.S.C.
20 § 1915A(a). Accordingly, the Court will dismiss the Second Amended Complaint with leave
21 to amend.

22 **II.  Leave to Amend**

23     For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed
24 for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Within
25 30 days, Plaintiff may submit a third amended complaint on the form provided with this
26 Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the
27 third amended complaint and dismiss this action without further notice to Plaintiff.

28     Plaintiff must clearly designate on the face of the document that it is the "Third

Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint, First Amended Complaint, or Second Amended Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff must provide information in a third amended complaint regarding the Court's jurisdiction and the defendants, and he **must divide his lawsuit into separate counts**. In the separate counts, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

A third amended complaint supersedes the original complaint, first amended complaint, and second amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint, first amended complaint, and second amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint, first amended complaint, or second amended complaint is waived if it is not raised in a third amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Second Amended Complaint (Doc. #14) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)   If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(3)   The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of February, 2010.

_____
Roslyn O. Silver
United States District Judge