KM

1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

9  Jose Luis Buenrostro,                     )   No. CV 1-08-636-ROS
                                            )
10              Plaintiff,                    )   **ORDER**
                                            )
11  vs.                                      )
                                            )
12  M Sahota, et al.,                        )
                                            )
13              Defendants.                  )
   _____ )

14

15       Plaintiff Jose Luis Buenrostro, who is confined in the Federal Correctional Institution-

16  Victorville, filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown</u>

17  <u>Narcotics Agents</u>, 403 U.S. 388 (1971) (Doc. #1).  On June 9, 2008, Plaintiff filed "Amended

18  and Supplemental Pleadings to this <u>Bivens</u> Civil Action Pursuant to Fed. R. Civ. Procedures,

19  Rule 15(a), (d)" (Doc. #6).  By Order filed October 6, 2009, the Court construed this

20  document as an Amended Complaint and dismissed the Amended Complaint with leave to

21  amend.

22       On October 26, 2009, Plaintiff filed a Second Amended Complaint (Doc. #14).  By

23  Order filed February 3, 2010, the Court dismissed the Second Amended Complaint with

24  leave to amend.  On March 3, 2010, Plaintiff filed a Third Amended Complaint (Doc. #16).

25  The Court will order Defendants Sahota and Morris to answer the retaliation claim in the

26  Third Amended Complaint and will dismiss the remaining claims and Defendants without

27  prejudice.

28

JDDL

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

**II.     Third Amended Complaint**

Plaintiff names the following Defendants in the Third Amended Complaint: Factory Foreman M. Sahota; Factory Foreman A. Morris; Factory Manager H. Jackson; H. Higgs; Warden D. Smith; J. Gonzalez; and Front Lobby C.O. Bergerona.

Plaintiff appears to raise five grounds for relief:

(1)      Plaintiff's First Amendment rights were violated when Defendants Sahota and

Morris issued a false incident report against Plaintiff in retaliation for Plaintiff filing grievances;

(2)    Defendants Gonzalez, Higgs, and Jackson violated Plaintiff's First, Fifth, and Fourteenth Amendment rights when they failed to intervene to assist Plaintiff;

(3)    Defendant Smith violated Plaintiff's First, Fifth, and Fourteenth Amendment rights when he failed to "take timely disciplinary or other action to curb the know[n] pattern of abuse of authority toward Plaintiff;"

(4)    Defendant Bergerona violated the Americans with Disabilities Act ("ADA") when he discriminated against Plaintiff's family by taking Plaintiff's father's wheelchair away while Plaintiff's father was visiting; and

(5)    Defendant Smith violated the ADA when he failed to properly train his subordinates and failed to curb the abuse against Plaintiff's family.

Plaintiff seeks money damages.

## III.    Failure to State a Claim

### A.    Failure to Intervene–Defendants Gonzalez, Higgs, Jackson, and Smith

Plaintiff claims that Defendant Gonzalez, Higgs, and Jackson violated his First, Fifth, and Fourteenth Amendment rights when they failed to timely respond to or denied his grievances and when they failed to intervene on Plaintiff's behalf after receiving numerous job-related complaints from Plaintiff. Similarly, Plaintiff claims that Defendant Smith failed to intervene on Plaintiff's behalf or to discipline staff about whom Plaintiff had complained.

An inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. Other circuits have held similarly. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Without a liberty interest, Plaintiff has no procedural due process rights at stake.

Moreover, the mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly

1   unconstitutional conduct is the denial of administrative grievances, the failure to intervene

2   on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active

3   unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th

4   Cir. 1999).

5       Accordingly, Plaintiff has failed to state a claim against Defendants Gonzalez, Higgs,

6   Jackson, and Smith.

7       **B.    ADA Claims**

8       Plaintiff claims that his elderly father was discriminated against, in violation of the

9   ADA, while visiting Plaintiff at the prison when his wheelchair was confiscated.  Plaintiff

10  also claims that Defendant Smith failed to train staff as to the requirements of the ADA.  A

11  "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal

12  rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d

13  602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  In this

14  instance, if Defendants violated the ADA, they did so with respect to Plaintiff's father.

15  Plaintiff does not allege that Defendants violated the ADA with respect to Plaintiff's

16  interests, and Plaintiff has therefore failed to state a claim.  The Court will dismiss the ADA

17  claims against Defendants Smith and Bergerona.

18  **IV.   Claims for Which an Answer Will be Required**

19      Plaintiff alleges that after filing several grievances related to his prison job,

20  Defendants Sahota and Morris retaliated against him by issuing a false incident report that

21  resulted in Plaintiff losing his job.  Plaintiff also alleges that Defendants Sahota and Morris

22  acted maliciously and for the purpose of discouraging Plaintiff and other inmates from filing

23  grievances.  Liberally construed, these allegations adequately state a First Amendment

24  retaliation claim against Defendants Sahota and Morris.

25      Although Plaintiff appears to claim that Defendants Sahota and Morris also conspired

26  to retaliate against Plaintiff, Plaintiff has not listed a conspiracy claim in his claims for relief.

27  Accordingly, the Court will only require Defendants Sahota and Morris to respond to the

28  retaliation claim.

**V.    Warnings**

    **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Jackson, Higgs, Smith, Gonzalez, and Bergerona are **dismissed** without prejudice.

(2)    Plaintiff's failure to intervene, grievance, conspiracy, and ADA claims are **dismissed without prejudice**.

(3)    Defendants Sahota and Morris must answer the retaliation claim.

(4)    The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. #16), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Sahota and Morris, and the United States.

(5)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Third Amended Complaint for

1  each Defendant, a copy of this Order for each Defendant, a completed summons for each

2  Defendant, and a completed USM-285 for each Defendant.

3       (6)    Plaintiff must not attempt service on Defendants and must not request waiver

4  of service.  Once the Clerk of Court has received the Notice of Submission of Documents and

5  the required documents, the Court will direct the United States Marshal to serve each

6  Defendant.

7       (7)    **If Plaintiff fails to return the Notice of Submission of Documents and the**

8  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**

9  **must, without further notice, enter a judgment of dismissal of this action without**

10  **prejudice.**  See **Fed. R. Civ. P. 41(b).**

11       DATED this 24th day of March, 2010.

12

13

14                              _____

15                                Roslyn O. Silver
                              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28