IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Jose Luis Buenrostro, | ) | No. CV-08-636-ROS |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| M. Sahota, et al., | ) | |
| Defendants. | ) | |

Defendants Mukhtiar Sahota and Angela Morris seek summary judgment. For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiff Jose Luis Buenrostro is a prisoner in the custody of the Federal Bureau of Prisons. At all times relevant to this suit, Plaintiff was housed at the United States Penitentiary at Atwater, California ("USP Atwater"). All inmates at USP Atwater are required to work if they are medically able. The available work assignments include landscaping, building maintenance, food service, and positions at the UNICOR[1] electronics recycling plant. The UNICOR plant is a separately secured area of USP Atwater and inmates pass through security screening when they arrive for work and when they leave. Inmates

---

[1] UNICOR is the trade name of Federal Prison Industries, Inc.

1   assigned to the plant perform a variety of functions such as dismantling old electronics into
2   their component parts so those parts can be recycled. Inmates are paid pursuant to an hourly
3   wage scale which ranges from a low known as "Fifth Grade" to a high known as "First
4   Grade." Inmates begin at Fifth Grade and can improve to First Grade based on longevity and
5   good performance.
6        Inmates assigned to the plant work with components that are valuable contraband
7   within the general USP Atwater population. Inmates often attempt to smuggle parts from the
8   plant into the general populace. Many smuggling attempts consist of an inmate bundling
9   small components together to allow for easier concealment and transportation. At all
10  relevant times, Defendants Sahota and Morris were Correctional Officers assigned to the
11  plant as Recycling Factory Technicians.
12       Plaintiff began working at the plant in May 2005. In April 2006, Plaintiff resigned
13  from his position. Plaintiff returned to the plant in May 2007. Upon his return, Plaintiff
14  started at Fifth Grade. Plaintiff filed an administrative grievance on June 13, 2007, arguing
15  he should have been allowed to return at the higher grade he obtained during his previous
16  stint at the plant. The sequence of events following that grievance is disputed by the parties.
17       According to Defendants, on July 2, 2007, Defendant Sahota conducted an inspection
18  of Plaintiff's work area. In that work area, Defendant Sahota found two speakers, six
19  magnets, and eight small electric motors wrapped in plastic. There was no legitimate reason
20  for these items to be in Plaintiff's work area and there was no legitimate reason for the items
21  to be wrapped together. Sahota prepared a written memorandum to the Factory Manager and
22  issued a verbal warning to Plaintiff. On August 22, 2007, Defendant Sahota conducted
23  another inspection of Plaintiff's work area and found two speakers, six small electric motors,
24  one on/off switch, one small light, and some copper wire. These items were wrapped in
25  plastic and concealed beneath other equipment. As a result of this discovery, Plaintiff was
26  removed from his work assignment at the plant.
27       According to Plaintiff, Defendant Sahota did not locate contraband in his work area
28  on July 2, 2007, did not issue him a verbal warning, and did not locate contraband in his

work area on August 2, 2007. Instead, *all* of these events are total fabrications by Defendant Sahota. Plaintiff believes Defendant Sahota fabricated these events in retaliation for Plaintiff filing a grievance regarding his pay.

Despite being dismissed from the plant in 2007, Plaintiff obtained reassignment to the plant in May 2008. Defendant Morris, who at that time was responsible for assigning inmates to particular duties, assigned Plaintiff to work at the copper cleaning station. The copper cleaning station is one of the less desirable assignments at the plant. Defendant Morris alleges Plaintiff received this assignment simply "because the plant needed a worker at that station at the time." (Doc. 29-1 at 10). Plaintiff alleges, however, that Defendant Morris created the vacancy at the copper cleaning station by transferring the inmate occupying the position at that time just so she could place Plaintiff there "as reprisal for filing grievances." (Doc. 32 at 10).

Plaintiff eventually filed suit against Defendants Sahota and Morris, asserting claims for retaliation in violation of the First Amendment.[2] The parties proceeded with discovery and Defendants now seek summary judgment. According to Defendant Sahota, the discovery of contraband at Plaintiff's work station provided a legitimate correctional reason for Plaintiff's dismissal from his employment at the plant. And according to Defendant Morris, Plaintiff had no right to a particular work assignment upon his return to the plant and his assignment to the copper cleaning station was permissible. Plaintiff filed an opposition arguing genuine disputes of material fact exist regarding the underlying events and the motivation for Defendants' actions.

---

[2] Plaintiff originally asserted a variety of other claims but those claims were previously dismissed.

# ANALYSIS

## I. Standard For Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (inferences drawn must be reasonable in light of competing inferences). If the non-moving party bears the burden of proof at trial, the moving party's summary judgment motion need only highlight the absence of evidence supporting the non-moving party's claims. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

## II. Defendant Sahota Is Not Entitled To Summary Judgment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Defendant Sahota seeks summary judgment by arguing Plaintiff cannot establish he was dismissed from employment at the plant "because of" the grievance he filed or that Plaintiff's dismissal "lacked any correctional purpose." (Doc. 29-1 at 14). Viewing the evidence in the light most favorable to Plaintiff requires Defendant Sahota's motion be denied.

According to Plaintiff's evidence, Defendant Sahota did not find any contraband at Plaintiff's work station on July 2, 2007 or on August 2, 2007. Instead, Defendant Sahota wanted to retaliate against Plaintiff for filing grievances so he fabricated events and records to create a basis for dismissing Plaintiff from his employment. If Plaintiff's version of events is believed (*i.e.*, contraband was never located at Plaintiff's work station), Defendant Sahota had no basis to dismiss Plaintiff. Alternatively, if Defendant Sahota's version of events is believed, Plaintiff's claim fails. At summary judgment the Court cannot "make credibility

1 determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). A reasonable fact finder could accept Plaintiff's version of events and conclude Plaintiff's dismissal was "because of" his grievance and his dismissal did not advance a legitimate goal. Thus, summary judgment must be denied.[3]

## III. Defendant Morris Is Not Entitled To Summary Judgment

Plaintiff claims Defendant Morris retaliated against him by assigning him to the copper cleaning station upon his return to the plant in May 2008. Defendant Morris seeks summary judgment by arguing Plaintiff had no right to a particular work assignment and his assignment was permissible. Thus, Defendant Morris argues Plaintiff cannot prove his work assignment was "because of" his grievance activity nor can he establish the work assignment lacked "a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

Plaintiff's declaration states Defendant Morris assigned him to the copper cleaning station "as reprisal for filing grievances." (Doc. 34 at 7). Plaintiff also attached declarations by various other inmates indirectly supporting this claim. Those declarations allege Defendants Sahota and Morris threatened retaliation against inmates who submitted grievances. (*See, e.g.*, doc. 34 at 32). This is not direct evidence that Plaintiff's undesirable work assignment was retaliatory, but it supports such an inference. *Easter v. Am. W. Financial*, 381 F.3d 948, 959 (9th Cir. 2004) (summary judgment is not appropriate when "contrary inferences may be drawn from the evidence as to material issues"); *Thomas v.*

---

[3] Defendant Sahota also argues he is entitled to summary judgment based on qualified immunity. A government official "is not entitled to qualified immunity if: (1) the facts show that the officer's conduct violated a plaintiff's constitutional rights; and (2) those rights were clearly established at the time of the alleged violation." *Millender v. County of Los Angeles*, 620 F.3d 1016, 1023 (9th Cir. 2010). Given the fundamental factual disagreement regarding the existence of contraband in Plaintiff's work area, Defendant Sahota is not entitled to qualified immunity. Viewing the facts in the light most favorable to Plaintiff, Defendant Sahota had no basis other than retaliation for dismissing Plaintiff from employment. If true, this constituted a violation of Plaintiff's First Amendment rights. And the "prohibition against retaliatory punishment is clearly established law in the Ninth Circuit, for qualified immunity purposes." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Therefore, Defendant Sahota is not entitled to summary judgment based on qualified immunity.

*Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (court must "construe liberally motion papers and pleadings filed by *pro se* inmates"). There is a genuine dispute of material fact regarding Defendant Morris' rationale for assigning Plaintiff to the copper cleaning station and summary judgment will be denied.[4]

### IV. Defendants' Motion to Strike Will Be Denied

After Defendants filed their reply in support of the motion for summary judgment, Plaintiff filed a "Response to Defendants' Reply" and a "Second Declaration." These documents responded to statements in Defendants' reply. Defendants are correct that these two filings were not authorized and were improper. But the Court did not rely on these filings when ruling on the motion for summary judgment. Thus, the motion to strike will be denied as moot.

### V. Plaintiff's Motion Regarding Witness Intimidation

Plaintiff seeks an order "directing the Defendants . . . to immediately refrain from witness intimidation on Plaintiff's witnesses." (Doc. 36 at 1). According to Plaintiff, a family member of another inmate informed Plaintiff's family that officers at USP Atwater confronted one of Plaintiff's witnesses and stated he would be fired from his work assignment if he assisted Plaintiff in prosecuting this suit. This evidence of witness intimidation is multiple levels of hearsay and is not sufficient evidence of improper behavior for the Court to conclude action is needed. The motion will be denied.

---

[4] Like Defendant Sahota, Defendant Morris also claims she is entitled to summary judgment based on qualified immunity. Viewing the facts in the light most favorable to Plaintiff, Defendant Morris manipulated the work assignments to punish Plaintiff for his protected conduct. If true, these actions violated Plaintiff's clearly established constitutional rights. Therefore, qualified immunity does not apply.

1  Accordingly,

2  **IT IS ORDERED** the Motion for Summary Judgment (Doc. 29), Motion for Order
3  Directing Defendants to Refrain from Witness Intimidation (Doc. 36), and Motion to Strike
4  (Doc. 39) are **DENIED**.

5  Dated this 26th day of September, 2011.

_____
Roslyn O. Silver
Chief United States District Judge