IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Buenrostro, | No. CV 1-08-636-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| M. Sahota, et al., | |
| Defendants. | |

Plaintiff Jose Luis Buenrostro, who is confined in the Federal Correctional Institution - Victorville, filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). This case will be referred to Magistrate Judge Sandra M. Snyder, to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street, Fresno, CA 93721in courtroom #1 on December 7, 2011, at 10:30 a.m. Both parties will be required to submit confidential settlement conference statements. The settlement conference statements are not to exceed five (5) pages in length, and are not to include exhibits or attachments.

Plaintiff will be required to appear by video conference from his current place of detention. A separate order and writ of habeas corpus ad testificandum will issue with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Sandra M. Snyder on **December 7, 2011, at 10:30 a.m.** at the U. S. District Court, 2500 Tulare Street, 8th

1

floor, Fresno, CA 93721, in Courtroom #1.

.            2.   Plaintiff shall personally attend, via video conference.

3.   Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4.   Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  Sanctions will include, but will not be limited to, the attorney fees and travel costs of the other parties.  In addition,  the conference will not proceed and will be reset to another date.

5.   The parties are directed to provide confidential settlement conference statements to Sujean Park, ADR & Pro Bono Director, 501 I Street, Suite 4-200, Sacramento, California 95814, or via email at spark@caed.uscourts.gov, so that they arrive no later than November 23, 2011 and file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)).  Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

2

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for any further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

DATED this 2nd day of November, 2011.

_____
Roslyn O. Silver
Chief United States District Judge

3